IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 15 C 7681 |
| v. | ) ) | Judge Jorge L. Alonso |
| FACEBOOK.COM, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendant for its alleged violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq*. Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6) for lack of personal jurisdiction and failure to state a claim. For the reasons set forth below, the Court grants in part and strikes as moot in part the motion.

**Facts**

Facebook is a Delaware corporation with its principal place of business in California. (Compl. ¶ 8.) Plaintiff is a citizen of Illinois who does not use Facebook. (*Id.* ¶ 7.)

Plaintiff contends that Facebook obtained his biometric data from a photo that was uploaded by a third party to Facebook. It did so by using facial recognition technology, which "scans every user-uploaded photo for faces, extracts . . . [the] biometric identifiers of each face, and then uses that data to create and store a template of each face." (*Id.* ¶ 22.) Facebook's "tag suggestion" feature, "which prompts a user to 'tag' a preselected name to a particular face," compares the face templates of people in newly-uploaded photos with the face templates already saved in Facebook's database.

(*Id.* ¶ 24.) "If no match is found, the user is prompted to 'tag' (*i.e.*, identify by name) a person to that face, at which point the face template and corresponding name identification are saved in Facebook's face database. However, if a face template is generated that matches a face template already in Facebook's face database, then Facebook suggests that the user 'tag' to that face the name already associated with [it]." (*Id.*)

When the photo of plaintiff was uploaded, "Facebook automatically scanned and analyzed Plaintiff's face, extracted his biometric identifiers . . . , and then used those biometric identifiers to create a template of his face." (*Id.* ¶ 30.) Facebook then asked the person who uploaded the photo to "tag" plaintiff's face, "at which point the [person] tagged the name 'Frederick W. Gullen' to Plaintiff's face." (*Id.* ¶ 31.)

Plaintiff, who never gave Facebook his permission to collect or store any biometric information about him, alleges that Facebook's actions violate BIPA. (*Id.* ¶ 33.) Defendant contends that the Court lacks personal jurisdiction over it and that, even if jurisdiction exists, the BIPA claim fails on its merits.

## Discussion

**Personal Jurisdiction**

Federal courts sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if the forum-state court would have such jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois courts can "exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill.

Comp. Stat. 5/2-209(c). Because the state and federal standards are not substantively different, *Hyatt*, 302 F.3d at 715, the Court will address only the federal.

Plaintiff argues that the Court has specific personal jurisdiction over Facebook.[1] That is true only if Facebook has "'certain minimum contacts' with [Illinois] such that the 'maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (quotation omitted). For specific jurisdiction:

> The relevant contacts are those that center on the relations among the defendant, the forum, and the litigation. *Id.* [*Walden v. Fiore*, ___ U.S. ___, 134 S. Ct. 1115, 1119 (2014)] (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)). Crucially, not just any contacts will do: "For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum State." *Id.* at 1121 (emphasis added). The "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 1126. Furthermore, the relation between the defendant and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum . . . ." *Id.* at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Contacts between the plaintiff or other third parties and the forum do not satisfy this requirement. *Id.*; *see Walden*, 134 S. Ct. at 1122.

*Id.*; *see Walden*, 134 S. Ct. at 1122 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.") (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

According to the complaint, Facebook's contacts with Illinois are that it is registered to do business here, has a sales and advertising office here, and "target[s] its facial recognition technology to millions of users who are residents of Illinois." (Compl. ¶ 10.) The first two contacts have no

---

[1] Plaintiff does not argue that general jurisdiction exists.

3

relationship to this suit, which arises from Facebook's alleged collection of biometric data from a photo, not from its sales, marketing, or other business activity in Illinois. The third alleged contact, as the factual allegations of plaintiff's complaint illustrate, is not true. Plaintiff alleges that Facebook uses facial recognition technology on "every user-uploaded photo," not just on photos uploaded in or by residents of Illinois. (Compl. ¶ 22.) Given this tacit admission that Facebook's alleged collection of biometric information is not targeted at Illinois residents, the third "contact" becomes simply that Facebook operates an interactive website available to Illinois residents.

The Court has not found a case analyzing specific jurisdiction over a social media website. However, the Seventh Circuit has rejected the notion that an online merchant's operation of an interactive site is sufficient to confer specific jurisdiction on it in every state from which the site can be accessed:

> The interactivity of a website is . . . a poor proxy for adequate in-state contacts. We have warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC*, 642 F.3d at 558 (citing *Illinois v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). This makes sense; the operation of an interactive website does not show that the defendant has formed a contact with the forum state. And, without the defendant's creating a sufficient connection (or "minimum contacts") with the forum state itself, personal jurisdiction is not proper.
>
> . . . . Having an "interactive website" (which hardly rules out anything in 2014) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.

*Advance Tactical*, 751 F.3d at 803; *see be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even


relationship to this suit, which arises from Facebook's alleged collection of biometric data from a photo, not from its sales, marketing, or other business activity in Illinois. The third alleged contact, as the factual allegations of plaintiff's complaint illustrate, is not true. Plaintiff alleges that Facebook uses facial recognition technology on "every user-uploaded photo," not just on photos uploaded in or by residents of Illinois. (Compl. ¶ 22.) Given this tacit admission that Facebook's alleged collection of biometric information is not targeted at Illinois residents, the third "contact" becomes simply that Facebook operates an interactive website available to Illinois residents.

The Court has not found a case analyzing specific jurisdiction over a social media website. However, the Seventh Circuit has rejected the notion that an online merchant's operation of an interactive site is sufficient to confer specific jurisdiction on it in every state from which the site can be accessed:

> The interactivity of a website is . . . a poor proxy for adequate in-state contacts. We have warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC*, 642 F.3d at 558 (citing *Illinois v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). This makes sense; the operation of an interactive website does not show that the defendant has formed a contact with the forum state. And, without the defendant's creating a sufficient connection (or "minimum contacts") with the forum state itself, personal jurisdiction is not proper.
>
> . . . . Having an "interactive website" (which hardly rules out anything in 2014) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.

*Advance Tactical*, 751 F.3d at 803; *see be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even

a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.") (citations omitted). Because plaintiff does not allege that Facebook targets its alleged biometric collection activities at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook.

The result is the same if, as plaintiff seems to urge, this case is viewed as an intentional tort. The requirements for specific jurisdiction in such a case are: (1) intentional conduct . . . ; (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt–that is, the plaintiff would be injured–in the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010) (citations omitted); *see Walden*, 134 S. Ct. at 1123 ("In [the] context [of intentional torts], it is . . . insufficient to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff. A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum.") (quotation omitted). As noted above, plaintiff alleges that Facebook uses the tag suggestions and facial recognition software on all uploaded photos, not just those uploaded in or by residents of Illinois. Moreover, plaintiff does not, and could not plausibly, allege that Facebook knew an Illinois resident would upload a photo of him and tag his name to it, thereby (allegedly) giving Facebook access to plaintiff's biometric information. Thus, even if the *Tamburo* test applies here, plaintiff has not satisfied it.[2]

---

[2] The fact that plaintiff sustained the alleged injury in Illinois "is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 134 S. Ct. at 1125.

5

In short, plaintiff has not made a prima facie showing that the Court has specific jurisdiction over Facebook. *See Tamburo*, 601 F.3d at 700 (when the issue of personal jurisdiction is decided on the basis of written materials, plaintiff must only make a prima facie case of personal jurisdiction) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). Therefore, the Court grants Facebook's motion to dismiss for lack of personal jurisdiction.

## Conclusion

For the reasons set forth above, the Court grants in part and strikes as moot in part Facebook's Rule 12(b)(2) and (6) motion to dismiss [18]. The Court grants the portion of the motion seeking dismissal for lack of personal jurisdiction and strikes as moot the portion seeking dismissal for failure to state a claim. Plaintiff's motion to appoint interim co-lead class counsel [33] is stricken as moot. Civil case terminated.

**SO ORDERED.**  **ENTERED:   January 21, 2016**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**